EASTERBROOK, Circuit Judge,
dissenting.
I joined Judge Bauer’s opinion for the panel, United States v. Kindle, 698 F.3d 401 (7th Cir.2012), and still agree with his views, so I join his dissent from the en banc decision.
My colleagues continue to employ, and extend, the approach adopted by United States v. Hollingsworth, 27 F.3d 1196 (7th Cir.1994) (en banc). I was not persuaded by Hollingsworth at the time (see 27 F.3d at 1211-13; I also joined most of Judge Ripple’s dissent, 27 F.3d at 1213-19) and am not persuaded now. Jacobson v. United States, 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992), remains the Supreme Court’s most recent analysis of entrapment. We should apply the doctrine as the Justices stated it rather than adopt local elaborations.
Mayfield demonstrated that he was willing to rob stash houses, even at great risk to himself, if the price was right. That he waited until the anticipated gains made the venture attractive does not allow a jury to find entrapment under Jacobson’s, approach. No ordinarily law-abiding person would have agreed to a plan that, as the venture was described, entailed a considerable risk of violence to others, including the need to deal with the stash house’s three armed guards (potentially by killing them), and a substantial risk of injury or death to oneself if the guards could not be overcome. Mayfield contends that he planned to rob only the courier, but even that would have encountered armed resistance. By depicting the robbery as likely to be forcibly resisted, Potts and Gomez ensured that only someone predisposed to violent crime would join the venture. Nothing that Potts or Gomez said to May-field implanted, or could have created, a disposition to commit mayhem in order to reap financial rewards. Mayfield assembled and armed a strike team; the district judge properly treated him as a leader, not (as Jacobson requires for entrapment) a person whose will was worn down and finally overborne.